# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

IN THE MATTER OF BLOODSPORT )
CHARTERS, LLC AS OWNER OF THE )
F/V BLOODSPORT FOR EXONERATION ) CIVIL ACTION NO. 21-00156-KD-N
FROM OR LIMITATION OF LIABILITY )

## ORDER

This action is before the Court on the Motion for Default Judgment filed by Petitioner Bloodsport Charters, LLC (doc. 31, p. 59-61). Upon consideration, and for the reasons set forth herein, the Motion is GRANTED and judgment by default is entered against the non-appearing claimants.

On April 1, 2021, Petitioner Bloodsport Charters, LLC, as owner of the fishing vessel Bloodsport, filed a Complaint for Exoneration from or Limitation of Liability pursuant to the Shipowners' Limitation of Liability Act, 46 U.S.C. §§ 30501, *et seq.*, 46 U.S.C. §§ 30101, *et seq.*, Rule 9(h) of the Federal Rules of Civil Procedure, and Rule F of the Supplemental Rules for Admiralty or Maritime Claims, (doc. 31, p. 5-9). Petitioner seeks exoneration from or limitation of liability for any and all losses or damages occurring as a result of the F/V Bloodsport breaking free of its moorings during Hurricane Sally on September 16, 2020.

The Court entered an order granting interim relief, and in relevant part, directing issuance of notice to claimants of the Complaint and setting the deadline to assert claims (doc. 31, p. 68-70). Rule F(4) provides for notice by publication to "all persons asserting claims with respect to which the complaint seeks limitation, admonishing" them to timely file and serve their respective claims against the Vessel and/or the Petitioner concerning the maritime casualty at issue. Fed. R. Civ. P. Supp. R. F(4). The Notice of the monition was published in the Press Register and all unknown claimants were notified to file claims on or before May 14, 2021, or be defaulted (doc. 31, p. 53, Press Register Legal Affidavit).

As a potential or existing known claimant, Marina Village Owners Association, LLC received notice by mail as provided in Rule F(4) (doc. 31, p. 62, 73). Within the time frame for

asserting claims, Marina Village filed an answer, claim, and counterclaim (doc. 31, p. 35-44). Notice by mail was also sent to Don MacMaster, a potential or existing known claimant (doc. 31, p. 62, 74). To date, MacMaster has not filed a claim or an answer.

No other claims were filed during the time period. Petitioner moved for entry of default (doc. 31, p. 59-61). Notice having been given as required by Rule F(4), and the time for filing claims having passed, entry of default was entered as to the unknown claimants who have not appeared, filed a claim, or otherwise answered in the action (doc. 31, p. 78, Clerk's Entry of Default).

Petitioner now seeks a default judgment against the non-appearing claimants (doc. 31, p. 59-61). "Entry of a final default judgment for exoneration is proper as to potential claimants who have not responded to a newspaper publication of a court's notice to assert claims by a certain date, so long as the moving petitioners have satisfied the publishing/notice obligations." In the Matter of Zimmer, 2021 WL 2188679, *1 (S.D. Ala. May 28, 2021) (collecting cases). Here, the Petitioner complied with the Rule F(4) notice requirements (*see infra*), and the time for filing claims expired on May 14, 2021. Therefore, all persons or entities claiming against Petitioner for any and all losses or damages resulting from the September 16, 2020 marine casualty, and not having filed a claim by May 14, 2021 as required by the Court's Order (doc. 31, p. 68-70), are defaulted pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure.

Accordingly, final default judgment is entered in favor of Petitioner and against all non-appearing claimants with regard to any losses or damages resulting from the breaking free of the F/V Bloodsport on September 16, 2020.

DONE and ORDERED this the 16th day of August 2021.

    s/ Kristi K. DuBose
    KRISTI K. DuBOSE
    CHIEF UNITED STATES DISTRICT JUDGE